**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERIC BEGAY,

Defendant-Appellant.

No. 09-2011
(D.C. No. 1:09-CR-00041-JCH-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, LUCERO,** and **HARTZ**, Circuit Judges.

---

Defendant Eric Begay appeals the district court's order of detention

pending trial. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

§ 3145(c), and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On December 11, 2008, Mr. Begay was arrested based on a complaint filed in the United States District Court for the District of New Mexico. The complaint accused Mr. Begay of assaulting Jane Doe (his nine-month-old daughter) with the intent to do bodily harm resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). The government filed a motion to detain Mr. Begay under the provisions of 18 U.S.C. § 3142(e), arguing that he was a flight risk and a danger to the community.

On December 12, a magistrate judge held a detention hearing. The magistrate judge found that Mr. Begay was a danger to the community but that there were conditions of release that could ensure the safety of the community. The magistrate judge ordered that Mr. Begay be placed in supervised release at the La Posada Halfway House. On December 19, the government appealed the magistrate judge's detention decision to the district court.

On January 8, 2009, a grand jury returned a four-count indictment against Mr. Begay. The indictment charged that Mr. Begay: (1) "with intent to maim and disfigure, did put out and destroy the eye of Jane Doe"; (2) "knowingly, intentionally, and without justification, tortured, cruelly confined, and cruelly punished Jane Doe by putting out the eye of Jane Doe, such action resulting in great bodily harm"; (3) "did assault Jane Doe by fracturing her skull, such assault resulting in serious bodily injury"; and (4) "did assault Jane Doe by fracturing her

arm, legs, and ribs, such assault resulting in serious bodily injury," in violation of 18 U.S.C. §§ 1153, 113(a)(6), 114 and N.M. Stat. Ann. § 30-6-1-(D). Aplt. App. at 45-46.

On January 14, the district court conducted a hearing on the government's appeal of the magistrate judge's detention order. At the conclusion of the hearing, the district court entered an order of detention pending trial. Mr. Begay now appeals from that decision.

II.

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must consider the following factors: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g). We review de novo mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's findings of fact for clear error. *Id*.

III.

Mr. Begay argues that the district court's detention order is not supported by the evidence. We disagree. The district court's written detention order states:

> I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) that the Defendant will endanger the safety of the community based upon the following: the charge of Assault Resulting in Serious Bodily Injury is a crime of violence based upon the evidence that Defendant fractured 9 month old Jane Doe's skull, arms, legs and ribs and ruptured her eyeball; the weight of the evidence is extremely strong based upon the testimony of the FBI agent and statements made by the Defendant admitting he caused the injuries and that the injuries were caused over time; the Defendant's past history includes one juvenile conviction and two adult convictions and Defendant was on supervised probation at the time of [the] conduct alleged here; and evidence was presented that the Defendant has abused his wife/girlfriend; based on the foregoing, the Court concludes that there are no conditions of release that will reasonably assure the safety of the community.

Aplt. App. at 106. The district court properly considered the evidence and the § 3142(g) factors in reaching its conclusion that Mr. Begay was a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the community.

The first factor, the nature and circumstances of the offense charged, weighs in favor of detention. In evaluating this factor, the court should consider "whether the offense is a crime of violence . . . or involves a minor victim." 18 U.S.C. § 3142(g)(1). The offenses charged in the indictment involve crimes of violence and a minor victim, Mr. Begay's infant daughter.

-4-

The second factor, the weight of the evidence against the defendant, also favors detention. Mr. Begay admitted to law enforcement agents that at various times when he was frustrated while caring for his daughter he would twist his daughter's limbs and that on one occasion he heard a "pop." Aplt. App. at 58. He further admitted to pressing his thumb on her eye and hearing a sound that he described as the "squishing [of] a grape." *Id*. at 59. Moreover, the doctor who treated Mr. Begay's daughter corroborated that the injuries sustained by the infant were consistent with child abuse and that they had occurred over a period of several months.

The third factor, the history and characteristics of the defendant, weighs in favor of detention. By the age of 21, Mr. Begay had one prior juvenile conviction and two adult convictions. At the time of the offenses charged in the indictment, Mr. Begay was on probation related to a 2006 conviction in the United States District Court for the District of Arizona. Mr. Begay also had a probation violation in 2004 while on probation following his 2003 juvenile conviction.

Finally, for the fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, there was evidence presented that, in addition to physically abusing his daughter, Mr. Begay also physically abused his girlfriend. Mr. Begay argues that this factor does not support pre-trial detention because there is no evidence that he has acted violently outside of this domestic situation and that during his stay at the halfway

-5-

house he abided by the orders prohibiting contact with his ex-girlfriend and his daughter. We are not persuaded by this argument. As the district court explained, "if he reacted to stressors in a manner that resulted in injury to his daughter and some injury, perhaps a black eye to his . . . girlfriend, then I'm not satisfied that given stressors, that other members of the public would be safe." *Id*. at 101-02.

Considering all of the evidence and the § 3142(g) factors, Mr. Begay has not shown that the district court erred in concluding that he needed to be detained pending trial. The judgment of the district court is AFFIRMED.

Entered for the Court
Per Curiam
